# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6793 | **DATE** | September 17, 2012 |
| **CASE TITLE** | Nickey M. McGhee (#2012-0617161) vs. Officer Star No. 9111, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Chicago police officers violated his constitutional rights to equal protection and to be free from unlawful restraint when they approached him as he stood waiting for a bus and demanded that he present identification. Plaintiff alleges that the officers had no valid reason to see his identification and to run his name to determine whether warrants were outstanding. He maintains he was singled out because he was the only African American on that block, and that the officers did not approach any of the other pedestrians on the street.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account **(CONTINUED)**

**STATEMENT (continued)**

exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

The court concludes it cannot proceed on the complaint in its current form. To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), a plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff's allegation that the incidents giving rise to this action occurred "in 2011" is too broad a time period for the police to investigate their files and respond to Plaintiff's allegations. Plaintiff must submit an amended complaint providing a specific date, or at least narrowing the relevant time frame.

The court warns that neither the City of Chicago nor Sergeant Alexia should be named as defendants in the amended complaint. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983; a municipal body, such as the City of Chicago, is liable under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy, or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). In this case, the plaintiff has alleged no such custom, policy, or practice; to the contrary, Plaintiff's allegations of racial profiling would presumably violate departmental and municipal policy.

With regard to Sergeant Alexia, that individual's purported failure either to properly investigate Plaintiff's complaint or to punish the officers in question did not amount to a constitutional violation since the omission was not the cause of Plaintiff's injuries. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990); accord, *Barbosa v. McCann*, No. 08 C 5012, 2009 WL 2913488, *6 (N.D. Ill. Sep. 8, 2009) (Pallmeyer, J.). Plaintiff may proceed only against the officers who allegedly wrongfully detained him.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should provide a date (or at least a time frame); Plaintiff should also list as Defendants only the two officers who stopped him (including their names, if Plaintiff has them). Plaintiff is urged to take action promptly because a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181,

**STATEMENT (continued)**

*3 (N.D. Ill. May 15, 2012) (Guzmán, J.).

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent, furnishing the court with extra copy for the judge and a service copy for each Defendant named in the amended complaint. Because an amended pleading supersedes the original complaint, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to submit an amended complaint within thirty days, the case will be dismissed.