# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6793 | **DATE** | November 6, 2012 |
| **CASE TITLE** | Nickey M. McGhee (#2012-0617161) vs. Officer Star No. 9111, et al. | | |

**DOCKET ENTRY TEXT**

The amended complaint [10] is dismissed without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies). Failure to submit a second amended complaint within thirty days will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with another amended civil rights complaint form.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Nickey McGhee, is in custody of the Cook County Jail. He has filed an amended complaint as directed by this court's previous orders. In Plaintiff's prior complaint, he alleged that two Chicago officers questioned him at a bus stop without justification and ran his information for existing warrants. He contends that their actions were racially motivated because he was the only African American out of six people at the bus stop. In his original complaint, Plaintiff knew only that the incident occurred in 2011 and that one of the officers had a star number of 9111. The court dismissed the original complaint without prejudice to Plaintiff's submitting an amended one that provided a more definite date and better identified the Defendants.

Plaintiff states in his amended complaint that because he was in an accident in 2011, he cannot remember the date of the incident, but recalls that it occurred sometime in the summer of 2011 between 3:00 and 5:00 p.m. Again, the only information he knows of the officers is that one of them had a star number of 9111. Plaintiff includes with his complaint a letter from the Chicago Police Department Internal Affairs Division, which also requests additional information.

Although the court appreciates Plaintiff's efforts to obtain additional information, the amended complaint is inadequate in its current form. To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), a plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff has narrowed the date of the incident to sometime in summer (the court notes, however, that his request for information to the Chciago Police Department states that the incident occurred sometime in March, April, or May). Referring to the date as in "the summer" is still too vague. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a complaint cannot proceed where its allegations are too sketchy to give proper notice of the grounds upon which a claim is based). Moreover, the court is unwilling to direct that summons issue for service on a Chicago officer identified only by his star number. Plaintiff should thus identify at least one party by name who can be served so that the case can proceed. If Plaintiff does not know the names of the officers who allegedly conducted a racially-motivated stop, he should refer to them as John Doe or by their star numbers and add as Defendant a supervisory official, such as Chicago Police Superintendent Garry McCarthy. Once an attorney enters an appearance for the named Defendant, Plaintiff may be able to identify the officers and substitute their names for the unnamed officers.

Accordingly, the court dismisses the amended complaint without prejudice to Plaintiff's submitting a second

| STATEMENT |
|---|
| amended complaint within 30 days from the date of this order. Plaintiff should provide, the most accurate information he has about when and where the incident he describes occurred. Additionally, he should list as Defendants not only the officers (by their star numbers or as John or Jane Doe), but also a supervisory official, such as Superintendent McCarthy, in order to identify the unnamed officers. Plaintiff's failure to file an amended complaint will result in summary dismissal of this case. The Clerk shall forward another amended complaint form to Plaintiff. As the court previously advised, an amended complaint replaces prior complaints and must stand complete on its own. Plaintiff must therefore include all the claims he seeks to raise and list all the parties he seeks in the second amended complaint. If the second amended complaint is accepted, the court will refer only to that complaint to determine the claims and parties of this case. |